## In re ALLBRIGHT–NELL CO.

### No. 5470.

Circuit Court of Appeals, Seventh Circuit.

June 15, 1935.

George I. Haight and Fred Gerlach, both of Chicago, Ill., for petitioner.

F. Allan Minne, of Chicago, Ill., for respondent, and for the plaintiff, Stanley Hiller, Inc.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

SPARKS, Circuit Judge.

The petitioner seeks a writ of mandamus or other proper writ directed to the District Judge to show cause why the mandate of this court and the District Court decree of February 27, 1933, in so far as it relates to the recovery of damages, if any, and the accounting as affirmed by this court, should not be obeyed and carried into execution; or, alternatively, that this court issue a writ of certiorari, or any other proper writ as the facts presented may require.

The controversy arises out of a former decree of the District Court in the case of Stanley Hiller, Incorporated, v. Allbright-Nell Company, from which an appeal was presented by petitioner to this court, and decided July 20, 1934. The facts are set forth in that opinion, Allbright-Nell Company v. Stanley Hiller Company, 72 F.(2d) 392.

The original bill sought to recover profits under a certain license contract, referred to in the opinion, from March 4, 1925, the date of its execution, to May 28, 1928, at which time petitioner notified the Hiller Company that it would discontinue as of that date the manufacture and sale of the presses under that contract. The original bill further charged that since May 28, 1928, up until the bill was filed, on February 24, 1932, the petitioner had infringed the patent which was the basis of the contract, and demanded an accounting of the profits and royalties for the respective terms, and also an injunction against

appellant from further infringement, and for specific performance. The general issue was pleaded with reference to the violation of the contract and the demand for specific performance. Invalidity and noninfringement were asserted against the charge of infringement.

On February 7, 1933, the court found the facts specially and concluded as matters of law that the patent was valid and infringed and that appellee was entitled to specific performance and an accounting. On February 14, 1933, appellee by permission of the court amended its bill of complaint by alleging that the contract remained in force until the time of filing the complaint, and by demanding recovery of royalties instead of profits. Appellant thereupon unsuccessfully moved for permission to offer evidence on the issues raised by the amended bill, but it was permitted to file an answer thereto. Judgment was rendered for appellee in accordance with the conclusions of law, and the cause was referred to a master who was ordered to take an account of the number of presses sold by appellant under the contract up to the time of filing the bill, and to state the account of gains, profits and advantages accruing to appellant, and the damages sustained by appellee through the infringement since the bill was filed. It was further decreed that in the accounting appellant should have the right to prove by competent evidence the correctness of the reports rendered by appellant to appellee, the correctness of the selling price so reported, and that the presses were sold at prices agreed to by appellee. The master was further instructed to ascertain what sums, if any, were due from appellant to appellee under the contract.

The original contract provided that the presses should be sold by appellant for not less than twice the cost of their manufacture. Under the issues it was claimed by appellant that on account of competition that part of the agreement had been modified by a subsequent agreement of the parties so as to permit appellant to sell the presses at a lower price. The record discloses that appellant proposed to establish that fact by both written and oral evidence and by the conduct of the parties. The court indicated that it would not at that time pass on that contention, but would refer it to the master for investigation and determination. It was so referred as above set forth, and the court made no finding with reference thereto, although a portion, at least, of the evidence supporting that contention was introduced.

On appeal to this court appellant, among other assignments of error, urged in substance that the trial court had erred in not holding that the contract had been so modified. It will be observed from the opinion in that case that we reversed it with respect to the validity and the infringement of the patents because those issues were eliminated by the court's ruling in permitting the amendment to the bill in holding that the contract continued in effect until the bill was filed. In such event, it was obvious that there could be no infringement so long as the license contract was in force. We affirmed the court's ruling in holding that the contract had not been abrogated, and in permitting the amendment, and in referring the cause to the master for determination of the amount due, and remanded the cause for further proceedings with respect to those matters in accordance with the decree of the District Court.

Upon hearing before the master, appellant was not permitted to introduce evidence in support of its contention with respect to the modification of the contract. That question was thereupon certified to the District Court for decision. In the meantime, the judge who made the reference had been succeeded in office by another, who sustained the ruling of the master in not admitting the evidence. That ruling was erroneous. It is only fair to say, however, that the ruling was no doubt made on account of the following inadvertent statement in the opinion of this court:

"After the contract was signed the parties communicated by letter relative to the manufacture and marketing of the presses. There was some reference in the correspondence to the sale price of the presses, but we are satisfied that the correspondence never ripened into an agreement which changed the original contract."

That statement was made in response to the assignments of error that the court had not found that the contract had been modified. Those assignments could only raise the question as to whether the court had erred in referring that matter to the master, for it had not essayed to pass on the question. Hence, whether the correspondence ever ripened into an agreement which changed the original contract was not before us. However, that statement

may be conceded to speak the truth, and yet it is not determinative of the question which appellant seeks to present to the master. It is not claimed by appellant that the correspondence alone was sufficient to modify the contract. It also seeks to submit oral conversation of the parties and the conduct of appellee with respect thereto. These we think are competent if they tend to throw light upon the intention of the parties. The interlocutory decree clearly contemplated that the master should hear all competent testimony tendered upon this subject and report his conclusions in the premises. It is therefore ordered that the District Court instruct the master in accordance with these views.